**2016 UT App 244**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF D.N., O.A., AND N.A.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

A.A.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160772-CA
Filed December 22, 2016

Third District Juvenile Court, Tooele Department
The Honorable Tupakk A.G. Renteria
No. 1104981

Jacob L. Linares, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1　A.A. (Mother) appeals the termination of her parental rights. We affirm.

¶2　"[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We

"review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field." *Id.* (citations and internal quotation marks omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    Mother argues that there was insufficient evidence to demonstrate grounds supporting termination of her parental rights. The juvenile court based its termination decision on several grounds, including failure of parental adjustment. *See* Utah Code Ann. § 78A-6-507(1)(e) (LexisNexis 2012). The evidence in the record supports the juvenile court's determination that there was a failure of parental adjustment.[1] Failure of parental adjustment "means that a parent or parents are unable or unwilling within a reasonable time to substantially correct the circumstances, conduct, or conditions that led to the placement of their child outside of their home, notwithstanding

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights was appropriate, provided it was in the best interests of the children.

reasonable and appropriate efforts . . . to return the child to that home." *Id.* § 78A-6-502(2).

¶4     Here, the children were removed from Mother's care primarily due to her drug use. Mother even tested positive for methamphetamine while delivering her third child (which was after the older children were removed). In an effort to effectuate the service plan designed to reunite Mother with her children, the Division of Child and Family Services (DCFS) assisted in placing Mother into long term residential drug treatment at the House of Hope. Mother initially seemed to do well with her treatment, progressing to the point that DCFS approved a trial home placement with all three children while she resided at the treatment facility. However, while Mother was still in treatment, she tested positive for amphetamines. Confronted with the results, Mother admitted that she had used methamphetamine over a weekend in which she left the facility on a weekend pass. She also admitted to caring for her children while under the influence of methamphetamine. Despite the failed test, Mother was given the option to remain in the program at the House of Hope. She refused and left the program. After that point she failed to submit to random drug tests.

¶5     Further, the father of the children wrote a letter to DCFS explaining that Mother had been spending time with him every time she obtained a pass from the treatment facility, despite rules against it. He also expressed concern about Mother taking care of the children because she had informed him that it was her intent to "use" soon after finishing her treatment. The evidence presented to the juvenile court demonstrates that Mother was either unable or unwilling to substantially correct the circumstances, conduct, or conditions that led to the placement of her children outside her home. *See id.* § 78A-6-502(2). Accordingly, there is sufficient evidence to support the juvenile court's determination that there was a failure of parental adjustment.

¶6      Similarly, the evidence supports the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights. As described above Mother had a continuing battle with drug use that rendered her unable to adequately care for her children. Further, at the time of trial Mother did not have stable housing or the financial means to support the children. Conversely, the children's foster parents wished to adopt them. The foster parents met all of the financial and emotional needs of the children, and the foster parents provided stability for the children that Mother was incapable of offering. Thus, evidence in the record supports the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights.

¶7      Affirmed.

———————